# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES MUNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-cv-340-JPG |
| | ) | |
| DR. A. D. FEINERMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages for alleged violations of his Eight Amendment right to adequate medical treatment and his right to privacy. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)

**THE COMPLAINT**

Plaintiff alleges that he is HIV-positive. Plaintiff states that on September 5, 2007, he was given his "regular medication" along with "two extra pills" by a medical technician. Plaintiff asked the technician about the extra pills and was informed that Defendant Feinerman had prescribed them to go with Plaintiff's "regular medication." Plaintiff further states that on September 17, 2007, he was again given his "regular medication" by a medical technician, but this time he was *not* provided the "two extra pills." Plaintiff asked the technician about the "extra pills" and was informed that he had been given them in error on September 5 because they were intended for a neighboring inmate. Plaintiff was then informed that the "extra pills" he had taken earlier were Depakene. Plaintiff asserts that this was the fourth time he had been given the wrong medication (or denied his medication).

Plaintiff filed a grievance concerning this matter on September 17. According to exhibits attached to the complaint, Defendant Gladson, Director of Nursing, informed Defendant Feinerman of the medication mix-up on or about September 18, 2007.

Plaintiff states that on September 21, 2007, some lab work was performed and he had his heartbeat and temperature taken. At that time, Plaintiff states that he also told Defendant Feinerman that he was having difficulty urinating, was having headaches, and that the left side of his stomach was hurting. Plaintiff states, however, that Dr. Feinerman did not provided him with any pain medication. According to the complaint, Plaintiff did not see Dr. Feinerman again until the end of November 2007 or the beginning of December 2007. Plaintiff claims that his rights were violated by giving him the wrong medication, by failing to give him pain medication, and by the 60-day gap

between his appointments with Dr. Feinerman.

Additionally, Plaintiff alleges that in February 2007, a Medical Technician known to him only as "Jane" violated his right to privacy by "announcing" his HIV-positive status on "the gallery" at Menard Correctional Center.

**DISCUSSION**

At the outset, the Court notes that Defendant "Jane" was not named as a Defendant in the caption of the complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure. Therefore, the Clerk of Court will be directed to add Defendant "Jane" as a defendant in this action.

**A. Medical claims.**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)]. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Allegations of "refusal" to provide medical

care, without more, will not establish deliberate indifference, nor will delay, even if serious injury results. *Id.*

Plaintiff's complaint does not affirmatively allege that Defendant Feinerman or Gladson were deliberately indifferent to his serious medical needs. To state a claim, the Court must infer "deliberate indifference" from the facts as plead. The Court, however, cannot make such an inference. There is no indication that either Defendant Feinerman or Defendant Gladson knew beforehand that Plaintiff was being given the wrong medication. The facts pleaded indicate that upon learning that Plaintiff had been given the wrong medication, Defendant Gladson and Feinerman provided Plaintiff with some medical attention. To be sure, Plaintiff believes that he should have been provided different medical attention, especially medication for his pain and more timely doctor's appointments, but Plaintiff's mere difference of opinion with Dr. Feinerman's decisions and the delay between doctor's appointment do not rise to the level of a constitutional violation. Therefore, Plaintiff's Eighth Amendment claims against Defendant Feinerman and Gladson should be dismissed pursuant to 28 U.S.C. § 1915A.

**B. Privacy claim.**

The Seventh Circuit has yet to squarely address the issue of whether an inmate has a privacy right in his medical records, *see Massey v. Helman*, 196 F.3d 727, 742 n. 8 (7th Cir. 1999); *Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995). Assuming for the sake of argument that Plaintiff has a right to not have his HIV status disclosed to others for inappropriate reasons, the Court finds that complaint does not state a claim that Plaintiff's privacy right was violated. The complaint does not expressly allege that a disclosure was made *to* anyone. That is, there is no indication that the statement "here is your AID/HIV medication" was made to anyone other than Plaintiff or heard by

4

anyone else. That the statement was made "in the gallery" is insufficient for the Court to infer that other people - much less those for whom such disclosure would be inappropriate - were present and heard the statement. Therefore, Plaintiff's claim against Defendant "Jane" should be dismissed pursuant to 28 U.S.C. § 1915A.

## DISPOSITION

Because Plaintiff's complaint does not survive review under § 1915A, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 3) is **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated: February 6, 2009.**

             **s/ J. Phil Gilbert**
             **U. S. District Judge**